RYAN v. SEABOARD & R. R. CO. et al.

(Circuit Court, E. D. Virginia. December 4, 1897.)

PROCESS—SUBSTITUTED SERVICE.

A suit brought by an assignee of a specified certificate of stock, which is physically within the district, seeking to establish his ownership thereof, and alleging that its custodian had wrongfully refused to deliver it to him, but fraudulently surrendered it for cancellation, and procured a new certificate in his own name, and which prays for the delivery to complainant of the original, and a cancellation of the spurious reissue, states an equitable cause of action, and falls within the act of March 3, 1875 (18 Stat. 470) § 8, authorizing service of process upon absent defendants by publication or without the district.

This was a bill in equity by Thomas F. Ryan against the Seaboard & Roanoke Railroad Company and others to establish title to, and secure possession of, certain shares of corporate stock.

Henry Crawford, for complainant.
Wm. A. Fisher and Watts & Hatton, for defendants.

SIMONTON, Circuit Judge. The bill in this case, among other things, alleges that, in consequence of a pooling agreement made between certain shareholders in the Seaboard & Roanoke Railroad Company, one Theodore Cooke, a subscriber thereto, forwarded to Louis McLane, chairman of the committee, original certificate No. 754, for 153 shares in this company; that he executed in blank an assignment on the back of the certificate; that subsequently he, for value, sold, and by a proper instrument in writing assigned, the certificate No. 754 to complainant; that after his purchase of the certificate complainant demanded the certificate No. 754 from McLane; that McLane refused to return it to him. It then charges that, after such demand for the return of the certificate, the committee,

who are Louis McLane and Legh Watts, the other member, Moncure Robinson, being now deceased, who were not the owners of the said certificate No. 754, and had no beneficial interest therein whatever, illegally and fraudulently filled up the assignment on the back of the certificate, causing the same falsely to recite that it had been sold, assigned, and transferred, for value received, by said Cooke to the said Louis McLane, chairman, and illegally and fraudulently, and without authority, surrendered said certificate to the officers of the Seaboard Railroad Company, at Portsmouth, Va., for cancellation, and obtained a new certificate in his own name; that the said certificate No. 754, originally issued to said Cooke and by him sold to complainant, is in the custody of the treasurer of the company at Portsmouth, within this district. The prayer of the bill, among other things, is that the complainant be declared the owner of certificate No. 754; that all reissues heretofore made, of certificates for the shares therein named, be declared void. This, then, is for the delivery to complainant of a certain defined, designated, certificate of stock within this district, in which he claims property, and the possession of which is necessary for the assertion of his rights. It is not for a certificate held or owned by Cooke, nor for the new certificate issued to Mr. McLane upon the surrender of certificate No. 754, but for certificate No. 754 itself, and to the complete assertion of his rights the aid of a court of equity is necessary. He finds authority for this in Merritt v. Barge Co., 24 C. C. A. 530, 79 Fed. 228. This certificate No. 754, the possession of which he seeks, is personal property.

The defendants file their pleas to the jurisdiction upon the ground that Richard Curzon Hoffman, Louis McLane, Andrew C. Trippe, J. Livingston Minis, and Charles D. Fisher are citizens of the state of Maryland, nonresident in this district, and that the Raleigh & Gaston Railroad Company is a citizen of the state of North Carolina, and nonresident in this district. A press of engagements prevents an extended discussion of this matter. So far as the claim for the delivery of the certificate No. 754 is concerned, inasmuch as that is within the district, personal property, the title to which is clouded and possession of which is sought, the bill is within the act of 1875. As Mr. Hoffman is president of the company, holding the certificate whose action is necessary to obtain full relief respecting it, and as Mr. McLane has a certificate issued upon surrender of this certificate No. 754, they are parties who can be served notwithstanding their nonresidence. The pleas based upon their presence as parties are overruled, and the defendants have leave to answer over. With regard to the other defendants, the pleas are sustained, and the bill as to them dismissed.